UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| JIMMY CATO,  a/k/a JIMMIE CATO, | ) ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-34-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| J.C. HOLLAND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**** **** **** ****

Jimmy Cato, a/k/a Jimmie Cato, is an inmate confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Cato has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [R. 1] Cato has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Cato's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Cato's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Cato can not pursue his claims in a habeas corpus proceeding under § 2241.

**I**

In August 1992, a federal jury in Texas found Cato guilty of conspiracy to distribute cocaine, and he was sentenced to a 420-month prison term, plus a 5-year term of supervised release. *United States v. Cato*, No. 1:92-CR-2-14 (E. D. Tex. 1992).  Cato appealed, arguing that the sentencing court misapplied the federal rules of evidence by admitting testimony concerning the factual circumstances of his prior conviction for selling crack cocaine.  The Court of Appeals affirmed Cato's conviction.  *United States v. Cato*, 9 F.3d 1546 (5th Cir. 1993).

In March 1997, Cato filed a 28 U.S.C. § 2255 motion to vacate, correct or set aside his conviction and sentence.  *Cato v. United States*, No. 1:97-CV-163-HC-WCR (E.D. Tex. 1997).  In December 2000, the magistrate issued a report and recommendation to deny Cato's § 2255 motion. [R. 23 therein]  Cato filed objections, but on February 29, 2000, the district court adopted the magistrate's recommendation and denied Cato's § 2255 motion.  [R. 27 therein]  The docket sheet in Cato's § 2255 proceeding is available through the federal court system's online PACER database, but because the case predated electronic filing, the Court cannot determine the nature of the claims raised and rejected in Cato's § 2255 proceedings.

In October 2001, Cato filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in California, arguing that (1) his indictment was defective because it did not specify the amount of controlled substance he conspired to distribute, and (2) a jury did not determine the amount of controlled substance he conspired to distribute.  *Cato v. Herrera*, No. 2:01-CV-09289-VBK (C.D. Cal. 2001).  In April 2002, the district court transferred Cato's petition to the sentencing court, concluding that (1) although Cato alleged that his claims fell under § 2241, he was in reality challenging the legality of his drug conviction; (2) Cato could purse such a challenge only by way

of a § 2255 motion; (3) Cato did not establish that his remedy under § 2255 had been an inadequate or ineffective means of challenging his detention; and (4) transfer of Cato's claims was warranted because the court lacked jurisdiction to address claims which fell under § 2255.  [R. 17 therein] After Cato's § 2241 petition was transferred to Texas, the district court there denied the petition without prejudice as an unauthorized successive § 2255 motion.  *Cato v. United States*, No. 1:02-CV-346-RAS-ESH (E.D. Tex. 2002).  [R. 22 therein]  It does not appear from the docket sheet of that proceeding that Cato appealed the denial of his petition.

In October 2011, Cato filed a motion in his 1992 criminal proceeding, seeking the retroactive application of the federal sentencing guidelines and a reduction of his sentence under 18 U.S.C. § 3582, which motion the district court denied in August 2012. *United States v. Cato*, No. 1:91-CR-2, [R. 62 therein].  On March 4, 2013, Cato filed a motion in his criminal proceeding seeking relief from his criminal judgment under Federal Rule of Civil Procedure 60(b)(4) and (b)(6), arguing that the sentencing court lacked jurisdiction to enhance his sentence based on a "non-predicated offense under Texas State Law....," and that his 420-month sentence exceeds the statutory maximum authorized by statute.  [R. 64 therein]  On March 13, 2013, the United States filed a response objecting to Cato's motion.  [R. 65 therein]  Cato's Rule 60(b) motion is currently pending in the sentencing court.

In his current § 2241 petition, Cato asks this Court to vacate his sentence and remand his case to the sentencing court "...for resentencing in light of Section 841(b)(1)(C)' 0-to20 year maximum." [R. 1, p. 8, ¶ VII]  However, in his memorandum, Cato appears to challenge not only his sentence, but also his underlying drug conviction.  Cato contends that his remedy under § 2255 was inadequate

3

and ineffective to challenge his detention because recent several cases render him actually innocent

of the drug offense of which he was convicted. [R. 1-3]

Cato cites a multitude of cases, but most frequently cites *DePierre v. United States*, __

U.S.__, 131 S. Ct. 2225 (2011). In *DePierre*, the prisoner in argued that "cocaine base" only meant

"crack cocaine," and that because his trial court refused to so instruct his jury, he was improperly

convicted and sentenced under 21 U.S.C. § 841(b)(1). The Supreme Court disagreed, holding that

Congress' use of the term "cocaine base" in that statute refers not just to crack cocaine, but to all

cocaine in its base form. *DePierre*, 131 S. Ct. at 2231-32. Nevertheless, Cato argues that in light

of *Depierre*, both the indictment under which he was charged and the instructions submitted to the

jury in his criminal proceeding violated the Fifth Amendment's due process clause because they

failed to specify the type and quantity of cocaine case that he conspired to distribute; that he was

charged with and convicted of a nonexistent drug offense; and that *DePierre* applies retroactively

to him.

Cato also argues that under *Sawyer v. Whitley*, 505 U.S. 333 (1992) and a case which he

refers to as "*Gilbert*," he is entitled to relief from his conviction and sentence. In *Sawyer*, a state

prisoner filed a second or successive § 2254 petition alleging constitutional error in the jury's

determination that he should be sentenced to death; the issue was under what circumstances can a

constitutional error in capital sentencing fit within the "actual innocence" exception. The Supreme

Court held that the exception applies to constitutional errors in capital sentencing only when the

errors resulted in the petitioner becoming statutorily eligible for a death sentence that could not

otherwise have been imposed. *Sawyer*, 505 U.S. at 348–50.

In *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), the Eleventh Circuit Court of Appeals held that a prisoner may challenge the use of a prior conviction to enhance his sentence as a career offender through a § 2241 habeas corpus petition. However, the Eleventh Circuit subsequently vacated that opinion, re-heard the case *en banc*, and on May 19, 2011, affirmed the district court's denial of Gilbert's § 2241 petition. *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011). On rehearing, the Eleventh Circuit held that when a federal prisoner is challenging an enhanced sentence which does not exceed the statutory maximum, the savings clause in 28 U.S.C. § 2255(e) does not permit him to do so under § 2241, even when he could not have raised that challenge in a § 2255 motion because of the §2255(h) bar against second and successive motions. *Id*. at 1319-23.

II

Cato is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Cato argues that his conviction was unconstitutional because neither the indictment nor the jury instructions mentioned the type and quantity of drug which he conspired to distribute. Cato contends that since *DePierre* recognizes the different chemical composition between cocaine hydrochloride (the typical powder cocaine) and cocaine base ("crack cocaine"), his sentence is unconstitutionally excessive and should be reduced. However, § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for

5

collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Cato's claim under *DePierre* does not fall within this exception. Unlike a case such as *Bailey v. United States*, 516 U.S. 137 (1995), which by statutory interpretation *narrowed* the scope of conduct proscribed by the statute of conviction, the Supreme Court in *DePierre* expressly refused to limit the scope of § 841(b)(1) to "crack" cocaine, instead reaffirming its broad application to all forms of "cocaine base." *DePierre*, 131 S. Ct. at 2232. Thus, unlike *Bailey*, the *DePierre* decision did not create a new class of prisoners who "found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory

interpretation, rather than a new retroactive rule of constitutional law." *Lott*, 105 F. App'x at 15. Because "the *DePierre* decision did not de-criminalize the conduct for which he was convicted [a petitioner cannot] satisf[y] the requirements of § 2255's savings clause." *Biggins v. Haynes*, No. CV212-024, 2012 WL 2254588, at *3 (S.D. Ga. May 8, 2012).

A prisoner proceeding under § 2241can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Cato can not make that showing for two reasons. First, to the extent that Cato may be challenging only his *sentence*, he can not proceed under § 2241 because the savings clause of § 2255 does not extend to a § 2241 petitioner challenging either his enhanced sentence or his status as a career offender. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F .3d 263, 267 n. 7 (4th Cir. 2008); *Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, at *2 (N. D. Ohio July 20, 2010); *McKelvey v. Rivera*, No. 4:10-422, 2010 WL 2985965, at *4, (D.S.C. June 18, 2010). "No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense." *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C. July 23, 2009).

This Court has rejected claims brought by § 2241 petitioners alleging that the sentencing court improperly enhanced their federal convictions based upon prior state convictions, and the Sixth Circuit has approved that approach. *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010). *See also*, *Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at *4 (E. D. Ky. July 19, 2010); *McClurge v. Hogsten*, 10-CV-66-GFVT, 2010 WL 2346734, at *4 (E. D. Ky. June 10, 2010).

Second, to the extent that Cato challenges his underlying drug conspiracy conviction under *DePierre*, his claim fails because *DePierre* does not apply retroactively to cases on collateral review. *Hughes v. United States*, 3:08-CR-106-S, 2012 WL 3947606, at *1 (W.D. Ky. Sept. 10, 2012); *United States v. Crump*, No. 7:06-CR-7-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012). The two federal appellate courts which have addressed this issue have held that for each of these reasons, claims predicated upon *DePierre* are not cognizable in habeas petitions filed under § 2241. *Wilson v. United States*, 475 F. App'x 530 (5th Cir. 2012) ("*DePierre* did not decriminalize [petitioner]'s criminal conduct and has not been held to be retroactively applicable."); *Fields v. Warden, FCC Coleman-USP 1*, 2012 WL 2924020, at *2 (11th Cir. July 19, 2012) ("[Petitioner] has not shown that *DePierre* [] [is] retroactive ..."). *See also Yates v. Bledsoe*, No. 12-2143, 2012 WL 4857779, at *2 (3d Cir. Oct. 15, 2012) (noting that *Depierre* has not been found to apply retroactively); *Wallace v. United States*, Nos. 4:12-CV-388-A, 4:07-CR-039-A, 2012 WL 2161268, at *3 (N.D. Tex. June 14, 2012) ("*DePierre* has not been recognized [as] or declared a retroactively applicable Supreme Court decision. It only clarified existing law.").

8

Finally, neither *Sawyer* nor *Gilbert* support Cato's claims.  Federal courts, including this one, have limited *Sawyer* to cases involving actual innocence claims asserted by death penalty petitioners. *See*, *e.g.*, *Gilbert v. United States*, 640 F.3d at 1321 ("Because death is different, neither the Supreme Court nor this Court has ever applied the *Sawyer* actual innocence of the sentence exception except in death penalty cases, and the better view is that the exception does not apply to non-capital sentencing errors."); *Collins v. Ledezma,* 400 F. App'x 375*,* 376 (10th Cir. 2010) ("A claim of actual innocence with respect to a noncapital sentence enhancement, rather than an underlying crime, does not come within the scope of § 2255's savings clause."); *Gross v. Hickey*, No. 11-CV-169-KSF, 2012 WL 256077, at \*7 (E.D. Ky. Jan. 27, 2012) (finding a § 2241 petitioner could not assert an actual innocence claim based on *Sawyer* because it concerned a death penalty petitioner who had been convicted in state court); *Robinson v. United States*, No.7:10–98–HRW, 2011 WL 13719, at \*3 (E.D. Ky. Jan. 4, 2011) (same).  Because Cato complains of a non-capital sentencing error, *Sawyer* does not assist him.

In the 2011 *Gilbert* decision, the Eleventh Circuit sitting as a whole reversed the earlier panel decision and held that a prisoner may not use § 2241 to challenge his enhanced sentence based on his status as a career offender.  *Gilbert*, 640 F.3d at 1319-23.  Thus, *Gilbert* does not assist Cato. For these reasons, Cato has not demonstrated that he is entitled to relief from his conviction and sentence under § 2241.  His petition will be denied and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      Jimmy Cato's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the active docket.

This March 26, 2013.

Signed By:

*Karen K. Caldwell*   KKC

**United States District Judge**